```
 1  JAMES A. McDEVITT
    United States Attorney
 2  Eastern District of Washington
    JAMES P. HAGARTY
 3  Assistant United States Attorney
    402 East Yakima Avenue, Suite 210
 4  Yakima, WA 98901-2760
    (509) 454-4425
 5
 6              UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF WASHINGTON
 7
 8  UNITED STATES OF AMERICA,      )
                                   )   NO:  CR-06-2029-LRS
 9                                 )
                  Plaintiff,       )
10                                 )   GOVERNMENT'S RESPONSE TO
            v.                     )   DEFENDANT'S MOTION TO
11                                 )   COMPEL GRAND JURY
                                   )   TRANSCRIPTS
12  RICKY DALE HENSON,             )
                                   )
13                                 )
                  Defendant.       )
14  _____)
```

15     The Plaintiff, United States of America, by and through

16 JAMES A. McDEVITT, United States Attorney for the Eastern

17 District of Washington, and JAMES P. HAGARTY, Assistant United

18 States Attorney for the Eastern District of Washington, responds

19 to Defendant's Motion to Compel Grand Jury Transcripts as

20 follows:

21     The Defendant seeks an order compelling the pretrial

22 preparation and production of transcripts of the testimony of

23 witnesses offered by the Government before the Grand Jury.

24     The applicable statutes and rules are 18 U.S.C. Section 3500

25 and F.R.C.P. 6 and 26.2.  No statement of any government witness

26 or prospective witness shall be subject to subpoena, inspection

27 GOVERNMENT'S RESPONSE TO DEFENDANT'S
   MOTION TO COMPEL GRAND JURY TRANSCRIPTS
28                          1

or discovery until such witness has testified on direct examination in the trial of the case. 18 U.S.C. Section 3500(a). As defined, "statement" includes a statement made by the witness to a grand jury. 18 U.S.C. Section 3500(e)(3).

After a witness has testified on direct examination, the court, on motion of a party, shall order the production of any statement of a witness in the government's possession which relates to the subject matter concerning which the witness has testified. F.R.C.P. 26.2(a). The definition of "statement" in this rule mirrors that of 18 U.S.C. 3500(e)(3) as noted above. See: F.R.C.P. 26.2(f)(1).

F.R.C.P. 6(e) addresses disclosure of Grand Jury information, and specifically, disclosure upon the request of a criminal defendant. Such disclosure shall be made upon "a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." F.R.C.P. 6(e)(3)(C)(ii). The defendant has made no showing sufficient to meet the requirements of the rule.

The Government would suggest that neither rule or constitutional provision relied upon the defendant provides authority for the Court to order the requested discovery, which is clearly contrary to the applicable provisions of the statutes and rules. The provisions of F.R.C.P. 16 limit discovery of certain materials, and specifically excludes statements of government witnesses (except as provided for in 18 U.S.C. Section 3500) and the recorded proceedings of the Grand Jury. Amendment

VI of the United States Constitution establishes the defendant's right to a speedy, public trial, to be informed of the nature and cause of the accusation, have the assistance of counsel and to confront the witnesses against him. It does not, however, address the issue of discovery. It clearly provides no support for the defendant's motion.

The Government has no objection to the motion, to the extent it asks for production in accordance with the applicable statutes and rules. However, the Government does object to any request for production in advance of trial or suppression hearing.

Therefore, the Government respectfully requests that defendant's motion for pretrial production of witness statements be denied.

Respectfully submitted this 17th day of April, 2006.

                JAMES A. McDEVITT
                United States Attorney

                <u>s/ James P. Hagarty</u>
                JAMES P. HAGARTY
                Assistant U.S. Attorney

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL GRAND JURY TRANSCRIPTS
3

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Rebecca L. Pennell, 306 East Chestnut Avenue, Yakima, Washington, 98901.

<u>s/ James P. Hagarty</u>
James P. Hagarty
Assistant United States Attorney
United States Attorneys Office
402 E. Yakima Ave., Suite 210
Yakima, WA    98901
(509) 454-4425
Fax (509) 454-4435